UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JESUS HAWKINS MORALES**, | § | |
| TDCJ No. 1293552, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | CAUSE NO. SA-03-CR-455(1)-XR |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Movant Jesus Hawkins Morales filed a pro se "motion to enforce terms of plea agreement" on April 6, 2016 (ECF no. 41), in which he seeks credit against his federal sentence for time allegedly spent in state custody on an unrelated charge. For the reasons discussed below, the motion is denied.

Background

On November 20, 2003, movant pled guilty to a charge of possession of a firearm by a convicted felon. On June 10, 2004, this Court sentenced movant to serve a 132-month term of imprisonment to be followed by a five-year term of supervised release (ECF no. 36). This Court recommended that (1) movant serve his sentence in a Federal Correctional Institution as close as possible to San Antonio, Texas and (2) *if eligible*, movant participate in the 500-hour intensive drug-abuse education program. The Judgment also provides that he "shall remain in custody pending service of sentence." Movant did not appeal his conviction or sentence. Movant has not filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and the statutory deadline for doing so long ago expired.

Prior Motions Seeking Credit for Time Served

On December 21, 2009 (ECF no. 37), movant filed a motion seeking to obtain credit against his federal sentence for time served in state custody on an unrelated criminal charge. In an Order issued January 12, 2010 (ECF no. 38), this Court denied movant's motion, explaining movant's federal judgment did not provide for concurrent sentences, as well as the inapplicability of both Rule 35, FED.R.CRIM.P., and 18 U.S.C. § 3582(c) to movant's motion to modify his sentence. This Court also noted that movant failed to present any ground for relief under either Rule 36, FED.R.CRIM.P., or 28 U.S.C. § 2255.

On January 25, 2011 (ECF no. 39), movant filed another motion seeking to be taken into federal custody and to receive credit against his federal sentence for time served in state custody, In an Order issued March 7, 2011 (ECF no. 40), this Court denied all requested relief, explaining the Bureau of Prisons, not this Court, possesses the authority to determine whether a federal sentence will be served, when it will begin, and within certain parameters, how long it will last. This Court also explained that movant's remedy, if any, was to pursue relief under 28 U.S.C. § 2241 after exhausting administrative remedies available within the Bureau of Prisons.

Latest Motion

In his latest motion (ECF no. 41), which appears to be an amalgam of his two previous post-judgment motions referenced above, movant once again seeks credit against his federal sentence for time served in state custody. Movant argues that the refusal of federal officials to take movant into custody violates movant's understanding of his plea agreement. Movant's own description of his plea agreement does not, however, include any representation or agreement by the government that movant would receive credit against his federal sentence for time served in a state penal facility.

This Court has carefully reviewed movant's plea agreement (ECF no. 22). Nothing in the text of that written plea agreement purports to represent that movant will receive credit against his federal sentence for time served in state custody. Nor does any provision in movant's plea agreement purport to represent that movant will be permitted to serve his federal sentence imposed in this cause either prior to or concurrently with any state sentence which movant had then received or which movant might receive following imposition of sentence in this Court. Simply put, there has been no breach of his plea agreement.

Motions Seeking Credit for Time Served

There are also several problems with movant's latest effort to obtain relief in the form of credit for time served through such a post-trial motion. The most significant of which is the fact that a claim for time served prior to the date of a federal sentence is cognizable only in a proceeding for habeas corpus relief brought pursuant to Title 28 U.S.C. § 2241. *See Setser v. United States*, 132 S.Ct. 1463, 1473 (2012) (holding federal prisoner seeking credit against his federal sentence for time served in state custody could seek relief under § 2241 after first exhausting available administrative remedies through Bureau of Prisons); *United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992) (construing pro se § 2255 motion seeking credit for time served on bond as a petition for relief under § 2241); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990) (holding claims for time served are not cognizable in a 28 U.S.C. § 2255 proceeding but rather must be addressed as habeas corpus petitions under 28 U.S.C. § 2241); *United States v. Mares*, 868 F.2d 151, 151-52 (5th Cir. 1989) (holding a claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Rule 36, Federal Rules of Criminal Procedure; but must instead proceed via a petition for writ of habeas corpus under 28 U.S.C. § 2241); *United States v. Garcia-Gutierrez*, 835

F.2d 585, 586 (5th Cir. 1988) (holding a claim for credit for time served is not cognizable in a Rule 35, Fed.R.Crim.P., proceeding; it must be advanced in a petition for habeas corpus under 28 U.S.C. § 2241); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (holding claims for presentence credit are not cognizable in § 2255 or Rule 35 proceedings; they must be addressed as habeas corpus petitions under 28 U.S.C. § 2241).

The relief which movant seeks through the motion filed April 6, 2016, cannot be awarded by this Court except in a habeas corpus proceeding brought pursuant to § 2241. *Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010) (holding § 2241 habeas corpus action the appropriate vehicle for seeking credit for time served); *Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003) (reviewing merits of § 2241 action seeking credit for time served in state custody); *Free v. Miles*, 333 F.3d 550, 551-54 (5th Cir. 2003) (reviewing denial of § 2241 action seeking credit for time served); *United States v. Weathersby*, 958 F.2d at 66; *United States v. Garcia-Gutierrez*, 835 F.2d at 586.

This leads to the second problem with movant's motion. Even if this Court wished to construe his *pro se* motion as a petition for habeas corpus relief pursuant to § 2241, such a petition would have to be dismissed because movant failed to submit either the appropriate filing fee of five dollars [$5.00] for a § 2241 action or an application for leave to proceed In Forma Pauperis along with his motion. Therefore, this Court cannot construe movant's motion as an application for relief under § 2241.[1]

---

[1] A convicted defendant may file a § 2241 action only in the place where he or she is incarcerated. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition); *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) ("'[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.'" (*quoting Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)), *cert. denied*, 531 U.S. 1132 (2001); *Hooker v. Sivley*, 187 F.3d

For the benefit of the pro se movant, the Court notes that, as a prerequisite to obtaining relief under § 2241, petitioner must first exhaust his administrative remedies through the Bureau of Prisons.  *Setser v. United States*, 132 S.Ct. at 1473; *United States v. Wilson*, 503 U.S. 329, 335 (1992); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (holding § 2241 habeas action seeking credit for time served was not ripe until the Bureau of Prisons denied the defendant's request for credit6 for time served); *United States v. Gabor*, 905 F.2d at 78 n.2 (federal prisoner seeking credit for time served through § 2241 must first exhaust available BOP administrative remedies).  Movant does not allege any specific facts showing he has made any effort to date to exhaust available administrative remedies through the Bureau of Prisons.

Accordingly, it is hereby **ORDERED** that:

1. Movant's motion to enforce plea agreement, filed April 6, 2016 (ECF no.41), is **DENIED** without prejudice to movant's right to pursue relief under 28 U.S.C. § 2241 in an appropriate court.

2. The Clerk shall transmit to the United States Attorney a courtesy copy of this Order.

SIGNED this 21st day of April, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

680, 682 (5th Cir. 1999) (holding a § 2241 petition must be filed in the district where the prisoner is incarcerated).  Because movant is currently incarcerated in Coryell County, Texas, the proper place for movant to file his § 2241 habeas corpus petition is the federal district court for the place where he is currently incarcerated, i.e., the Waco Division of this Court.  28 U.S.C. § 124(d)(2).